IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENZEL JOHNSON, SR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-cv-799 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| DENZEL JOHNSON, SR.; | ) | |
| COMMONWEALTH OF PENNSYLVANIA, | ) | |
| *a political subdivision/subcorporation of the* | ) | |
| *UNITED STATES, INC.*; | ) | |
| PHILADELPHIA COUNTY; *and* | ) | |
| KEVIN KAUFFMAN, *Slave-Master/Facility* | ) | |
| *Manager and Superintendent of* | ) | |
| *SCI-HUNTINGDON*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Denzel Johnson, Sr. ("Plaintiff") is a state inmate currently incarcerated at the State Correctional Institution at Huntingdon ("SCI-Huntingdon") in Huntingdon, Pennsylvania. Plaintiff initiated the above-captioned matter on June 17, 2021, with the submission of a putative Complaint without filing fee or Motion for Leave to Proceed in forma pauperis. ECF No. 1.

Plaintiff's Complaint is confusing and difficult to follow. It also is difficult to discern what sort of legal relief he seeks. On one hand, Plaintiff complains of infringement of copyrights and trademarks allegedly owned by him, under the Copyright Act of 1976 and the Lanham Act, respectively. See ECF No. 1 ¶ 1. The alleged infringement that provides the basis for these claims, as best as the undersigned can tell, appears to be the use of Plaintiff's given name by Defendants. Id. ¶¶ 1 and 5. Plaintiff further complains of "false imprisonment," which typically is brought as a federal civil right claim or tort claim under state law. Id. ¶ 5.

1

On the other hand, Plaintiff complains of a state court conviction at docket no. CP-02- 0000053-2016, which corresponds to Commonwealth v. Johnson in the Court of Common Pleas of Allegheny County Pennsylvania. ECF No. 1 ¶ 3. As best as can be determined from the Complaint, Plaintiff asserts that his conviction and/or sentence is unlawful due to the infringing use of his given name by Defendants, and seeks this Court to "discharge" his sentence. Id. ¶¶ 2 and 3. Claims seeking release from imprisonment due to a conviction in state court typically are pursued through a habeas action under 28 U.S.C. § 2254.

As such, it is unclear Plaintiff is attempting to assert claims for violations of his constitutional rights through a civil rights action pursuant to 42 U.S.C. § 1983 and/or infringement of his intellectual property rights, or is seeking habeas corpus relief under 28 U.S.C. § 2254. Because of certain statutory provisions, it is important that this Court make a threshold determination of whether a case is a habeas corpus action or a civil rights action.

The purpose of a petition for writ of habeas corpus is to allow a person in custody to challenge either the fact or duration of confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Federal habeas relief is unavailable unless the petitioner attacks the fact or duration of his imprisonment See Leamer, 288 F.3d at 542; see also Credico v. BOP FDC Warden of Phila., 592 F. App'x 55, 57-58 (3d Cir. 2014).

In contrast, 42 U.S.C. § 1983 is a federal law that allows lawsuits for violations of constitutional rights and establishes a cause of action for any person who has been deprived of rights secured by the Constitution or laws of the United States by a person acting under color of state law. In a similar vein for the purposes of this Order, the Copyright Act of 1976 allows a civil cause of action for unauthorized copying of an original work of authorship fixed in a

tangible medium.  See, e.g., Fourth Estate Benefit Corp. c. Wall-Street.com, LLC, --- U.S. ---, 139 S. Ct. 881, 887 (2019).  Generally, a copyright must be registered prior to bringing a civil suit for infringement.  See id. at 887-88.  The Lanham Act allows a suit for unauthorized use of a valid and legally-protectable mark, for goods and services in commerce, that creates a likelihood of consumer confusion.  See, e.g., Checkpoint Sys., Inc. v. Check Point Software Tech., Inc., 269 F.3d 270, 279 (3d Cir. 2001).

To the extent Plaintiff is seeking to challenge the fact of his sentence or conviction, which would not entitle him to monetary relief if he prevailed, then he will be required to submit a habeas petition on the attached form.  Plaintiff is warned that he may not include civil rights, tort, copyright, or trademark claims in his petition for writ of habeas corpus.  The statutory filing fee for filing a habeas corpus action is $5.00.  The petition should be returned to the Court by **August 2, 2021**.

However, if it is Plaintiff's intent to pursue his claims as violations of his constitutional rights or intellectual property rights, which may entitle him to monetary damages if he prevails – **but will not result in release from his incarceration** – then he must return the attached form clarifying that he is in fact desiring to pursue a civil rights and/or intellectual property action. The statutory filing fee for such a lawsuit is $350.00, plus a $52.00 administrative fee, for a total of $402.00.[1]  Plaintiff should be aware that he cannot avoid the $402.00 filing fee for such a suit by simply indicating that this action is one for habeas relief when in actuality he is not seeking habeas relief.

---

[1] Effective December 1, 2020, the filing fee for filing a civil action is $350.00 plus an administrative fee of $52.00, for a total of $402.00.  The administrative fee does not apply to applications for a writ of habeas corpus or to persons granted in forma pauperis ("IFP") status under 28 U.S.C. § 1915.  Thus, the filing fee for a civil rights action under 42 U.S.C. § 1983 remains $350.00 when a motion to proceed IFP is approved.  However, if IFP status is denied, Plaintiff will be assessed the full $402.00 filing fee if he proceeds with a civil complaint.

AND NOW, this 1st day of July, 2021:

IT IS HEREBY ORDERED that the Clerk of Court mail to Plaintiff the court-approved form habeas corpus petition under 28 U.S.C. § 2254, and the form on which Plaintiff shall clarify whether he seeks habeas relief or is pursuing his claims through a civil rights/intellectual property suit. Plaintiff shall notify the Court of his intention by **August 2, 2021**. Failure to do so may result in this case being dismissed.

BY THE COURT:

/s/***Maureen P. Kelly***
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Denzel Johnson, Sr.
MS7487
1100 PIKE STREET
Huntingdon, PA 16654