IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENZEL JOHNSON, SR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 21-cv-799 |
| | ) | |
| v. | ) | |
| | ) | District Judge Robert J. Colville |
| DENZEL JOHNSON, SR.; | ) | Magistrate Judge Maureen P. Kelly |
| COMMONWEALTH OF PENNSYLVANIA, *a* | ) | |
| *political subdivision/subcorporation of the* | ) | |
| *UNITED STATES, INC.*; | ) | |
| PHILADELPHIA COUNTY; *and* | ) | |
| KEVIN KAUFFMAN, *Slave-Master/Facility* | ) | |
| *Manager and Superintendent of* | ) | |
| *SCI-HUNTINGDON*, | ) | |
| | ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this case be dismissed without prejudice for failure to prosecute, and that a certificate of appealability be denied.

**II. REPORT**

Petitioner Denzel Johnson, Sr. ("Petitioner") is a state inmate currently incarcerated at the State Correctional Institution at Huntingdon ("SCI-Huntingdon") in Huntingdon, Pennsylvania. Petitioner initiated the above-captioned matter on June 17, 2021, with the submission of a putative Complaint without the requisite filing fee or Motion for Leave to Proceed *in forma pauperis*. ECF No. 1.

Petitioner's putative Complaint was confusing and difficult to follow. It also was difficult to discern what legal relief that Petitioner sought. As such, on July 1, 2021, this Court issued an order directing Petitioner to clarify whether he wished to pursue a lawsuit raising intellectual

property and civil rights claims, or to proceed with a petition for writ of habeas corpus, by completing a form provided therewith. ECF Nos. 2 and 2-1. Petitioner further was instructed to complete this Court's form habeas petition – also attached to the Order of July 1, 2021 – if he wished to proceed with a habeas petition. ECF Nos. 2 and 2-2. The deadline to respond was August 2, 2021. ECF No. 2 at 3-4.

Rather than respond as ordered, Petitioner paid the five-dollar ($5.00) filing fee for a habeas petition – which the undersigned interpreted to indicate Petitioner's intention to proceed with a habeas petition – and timely appealed the Order of July 1, 2021 to a district judge.[1] ECF Nos. 4 and 5. Judge Coleville denied the appeal on August 11, 2021. ECF No. 8.

In light of Petitioner's failure to comply with the Order of July 1, 2021, this Court issued an Order to Show Cause on August 13, 2021, in which Petitioner once again was sent a copy of this Court's form habeas petition, and directed to complete it. ECF Nos. 9 and 9-1. The deadline to respond to that order was September 13, 2021. ECF No. 9 at 3. As of this date, Petitioner has failed to respond to the Order to Show Cause, or to comply with the Order of July 1, 2021, or to submit an intelligible habeas petition.

A district court has the inherent power to dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a litigant's failure to prosecute or to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in

---

[1] Petitioner also submitted a document entitled "Ex parte Habeas Corpus as Subjiciendum Quasi in Rem and in Personam for Rectification of Quasi Criminal Prosecution/Prohibitory Decree and Mispleading Solely Based upon 'Misnomer' of Constitutional Violations for Acts of Congress Relief Demanded," [sic] contemporaneously with the aforementioned appeal. ECF No. 3. However, this filing was both difficult to parse, and failed to include much of the information necessary to adjudicate a petition for writ of habeas corpus under 28 U.S.C. § 2254.

contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." Id.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth six factors to be weighed when considering whether dismissal of a case as a sanction for failure to prosecute or to obey pretrial orders. They are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of the factors listed above is as follows.

(1) The extent of the party's personal responsibility

Petitioner is proceeding in this matter *pro se*, and is alone responsible for prosecuting this case and complying with orders of this Court.

(2) Prejudice to the adversary

Respondents have not been served a habeas petition. There is no indication that any Respondent has been prejudiced unfairly by Petitioner's conduct.

(3) A history of dilatoriness

Petitioner has refused to file an intelligible habeas petition, or to comply with multiple court orders. This is sufficient evidence, in this Court's view, to indicate that Petitioner does not intend to proceed with this case in a timely manner.

(4) Whether the party's conduct was willful or in bad faith

There is no indication on the record that Petitioner's conduct is the result of any "excusable neglect," Poulis, *supra*. The conclusion that Petitioner's failure is willful is inescapable.

(5) Alternative sanctions

Petitioner currently is proceeding *pro se*, and there is no indication on the record that the imposition of costs or fees likely would be an effective sanction.

(6) Meritoriousness of the case

Both the initially-filed putative Complaint, ECF No. 1, and the subsequent "Ex parte Habeas Corpus as Subjiciendum Quasi in Rem and in Personam for Rectification of Quasi Criminal Prosecution/Prohibitory Decree and Mispleading Solely Based upon 'Misnomer' of Constitutional Violations for Acts of Congress Relief Demanded," ECF No. 3, are difficult to understand. As best as this Court can tell, Petitioner seeks habeas relief for alleged violations of the Copyright Act of 1976 and the Lanham Act with respect to his alleged "misnomer" by state officials. ECF No. 1 ¶ 1. Petitioner asserts that this alleged "misnomer" violates a host of constitutional rights. See, e.g., ECF No. 3 at 7, 10-11, and 13-14. However, the nexus between the "misnomer" and Petitioner's rights appears to be based not on the law, but on pseudo-legal sovereign citizen rhetoric. This Court can discern no cognizable habeas claim in Petitioner's filings.

Because five of the six Poulis factors weigh in favor of dismissal, dismissal is appropriate under Rule 41(b) for failure to prosecute. A certificate of appealability should be denied, because jurists of reason would not find the foregoing debatable.

### III. CONCLUSION

Based on the reasons set forth above, it is respectfully recommended that this case be dismissed without prejudice for failure to prosecute, and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: October 18, 2021                                              BY THE COURT:

                                                                                         */s/Maureen P. Kelly*
                                                                                         MAUREEN P. KELLY
                                                                                         UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Robert J. Colville
      United States District Judge

      Denzel Johnson, Sr.
      MS7487
      SCI-Huntingdon
      1100 Pike Street
      Huntingdon, PA 16654